UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CENTER CAPITAL CORPORATION,

                              Plaintiff,

        v.

AERO REALTY TRUST and JEFFREY S.
GOLDBERG, Individually and as Trustee of
Aero Realty Trust,

                              Defendants.

Civ. Action
No. 05-10219-DPW

## ANSWER

For their Answer to the numbered paragraphs contained in Plaintiff's Complaint For Money Damages, the Defendants state as follows:

### Parties

1.      On information and belief, the Defendants admit the allegations contained in paragraph 1 of the Complaint.

2.      The Defendants admit that Goldberg is the Trustee of Aero Realty Trust.  Further answering, the Defendants state that the remainder of the first sentence of paragraph 2 of the Complaint asserts conclusions of law to which no responsive pleading is required.  Further answering, the Defendants admit the allegations contained in the second and third sentences of paragraph 2 of the Complaint.

3.      The Defendants admit the allegations contained in paragraph 3 of the Complaint.

4.      The Defendants admit the allegations contained in paragraph 4 of the Complaint.

**Jurisdiction and Venue**

5.      The Defendants admit that this Court has jurisdiction over this matter.

6.      The Defendants admit that venue is appropriate in this Court.

**Facts**

7.      The Defendants admit that, on or about November 6, 2002, Key Equipment

Finance, a Division of Key Corporate Capital, Inc., and Aero Plastics, Inc. entered into a "Master

Equipment Lease Agreement," a copy of which is attached as Exhibit B to the Complaint.

Further answering, the Defendant admit that copies of Amendment Nos. 1 and 2 are attached as

Exhibit C and D to the Complaint, respectively.  Except as expressly admitted, the Defendants

deny the allegations contained in paragraph 7 of the Complaint.

8.      The Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 8 of the Complaint.

9.      The Defendants admit that, on or about December 2, 2002, Center Capital

Corporation and Aero Plastics, Inc. entered into "Equipment Schedule No. 2," a copy of which is

attached as Exhibit F to the Complaint and the terms of which speak for themselves.  Except as

expressly admitted, the Defendants deny the allegations of paragraph 9 of the Complaint.

10.      The Defendants respond that, on or about November 8, 2002, Goldberg executed

a "Personal Guaranty," a copy of which is attached as Exhibit G to the Complaint and the terms

of which speak for themselves.  Except as expressly admitted, the Defendants deny the

allegations of paragraph 10 of the Complaint.

11.      The Defendants respond that, on or about December 18, 2002, Jeffrey Goldberg

executed a "Corporate Guaranty" on behalf of Aero Realty Trust, a copy of which is attached as

Exhibit H to the Complaint and the terms of which speak for themselves.  Except as expressly

admitted, the Defendants deny the allegations of paragraph 11 of the Complaint.

12.     The Defendants respond that, on or about November 6, 2002, Jeffrey Goldberg executed a "Subordination Agreement," a copy of which is attached as Exhibit I to the Complaint and the terms of which speak for themselves.  Except as expressly admitted, the Defendants deny the allegations of paragraph 12 of the Complaint.

13.     The Defendants admit the allegations of paragraph 13 of the Complaint.

14.     The Defendants admit the allegations of paragraph 14 of the Complaint.

15.     The Defendants admit the allegations of paragraph 15 of the Complaint.

16.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 16 of the Complaint.

**Count I – Money Damages for Breach of Contract Against Aero Realty**

17.     The Defendants repeat and incorporate by reference their responses to paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18.     The Defendants respond that paragraph 18 of the Complaint purports to quote an excerpt from a Lease Agreement, the terms of which speak for themselves.  Except as expressly admitted, the Defendants deny the allegations of paragraph 18 of the Complaint.

19.     On information and belief, the Defendants admit the allegations contained in paragraph 19 of the Complaint.

20.     The Defendants deny the allegations of paragraph 20 of the Complaint.

21.     The Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore deny the same.

22.     The Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore deny the same.

- 3 -

23.     The Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore deny the same.

24.     The Defendants respond that paragraph 24 of the Complaint purports to quote an excerpt from a Lease Agreement, the terms of which speak for themselves.  Except as expressly admitted, the Defendants deny the allegations of paragraph 24 of the Complaint.

**Count II – Breach of Guaranty Against Goldberg, Individually and as Trustee**

25.     The Defendants repeat and incorporate by reference their responses to paragraphs 1 through 24 of the Complaint as if fully set forth herein.

WHEREFORE, the Defendants pray that the plaintiff takes nothing by its Complaint, that judgment enter in favor of Defendants, and that the Defendants be awarded their costs and such other and further relief as the Court may deem appropriate.

AERO REALTY TRUST and JEFFREY S. GOLDBERG, Individually and as Trustee of Aero Realty Trust

By their attorneys,

 _/s/ Joseph P. Mingolla
Joseph P. Mingolla (BBO# 631287)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

July 12, 2005

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by first-class mail on July 12, 2005.

 _/s/ Joseph P. Mingolla

- 4 -